UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM HUSTON, Pro Se,

                               Plaintiff,

      v.                                                    03-CV-0633

TIME WARNER ENTERTAINMENT, *et al.*,

                               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

**I.     INTRODUCTION**

Plaintiff William Huston commenced the instant action against Defendants claiming violations of his First Amendment rights and violations of certain federal and New York State laws arising out of Defendants' refusal to permit Plaintiff free or low cost access to its television production facilities. Presently before the Court are: (1) Defendants' motion to dismiss the Complaint in its entirety pursuant to FED. R. CIV. P. 56; (2) Plaintiffs' cross-motion for a preliminary injunction; and (3) Plaintiffs' motion for leave to file an amended Complaint.

**II.    FACTS**

Time Warner Entertainment ("TWE") provides cable television service in the Southern Tier of New York State. Plaintiff produces public access shows. TWE has carried all public access programming produced by Plaintiff that he has provided to TWE. TWE has not edited any of Plaintiff's productions. Plaintiff has sought to use TWE's studios, including certain production equipment in addition to video playback and video transmission

equipment, to produce "live" public access shows. Defendants have agreed to allow Plaintiff to use its production facilities, but only at a charge for the use of the facility and for production personnel necessary for use of the facility.[1] Plaintiff also seeks to have TWE provide free or low cost training on the use its production facilities. TWE has declined to provide any training.

## III.  STANDARD OF REVIEW

It is well settled that on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the non-moving party, see Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999), and may grant summary judgment only where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant is able to establish a prima facie basis for summary judgment, the burden of production shifts to the party opposing summary judgment who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in his favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A party opposing a properly supported motion for summary judgment may not rest upon "mere

---

[1] TWE does not charge for use of the video playback and video transmission equipment.

allegations or denials" asserted in his pleadings, Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994), or on conclusory allegations or unsubstantiated speculation. Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998).  With this standard in mind, the Court will address Defendants' motion.

## IV.   DISCUSSION

### a.   First Amendment

It is well-settled that only state actors can be held accountable for constitutional violations.  See Denver Area Educaitonal Telecomms. Consortium, Inc. v. FCC, 518 U.S. 727, 737 (1996); Loce v. Time Warner Entertainment Advance/Newhouse P'ship, 191 F.3d 256, 266 (2d Cir. 1999).  In Loce, the Second Circuit explicitly held that

> The fact that federal law requires a cable operator to maintain leased
> access channels and the fact that the cable franchise is granted by a local
> government are insufficient, either singly or in combination, to
> characterize the cable operator's conduct of its business as state action.
> Nor does it suffice that cable operators, in their management of leased
> access channels, are subject to statutory and regulatory limitations.

Loce, 191 F.3d at 267.  This reasoning equally applies to any requirements that cable operators maintain public access channels.  This Court further agrees with Glendora v. Cablevision Systems Corp., 893 F. Supp. 264, 269-70 (S.D.N.Y. 1995); Glendora v. Tele-Communications, Inc., 1996 WL 721077, at *2 (S.D.N.Y. 1996); and Glendora v. Marshall, 947 F. Supp. 707, 711-712 (S.D.N.Y. 1996), aff'd, 129 F.3d 113 (2d Cir. 1997), and adopts the reasoning in those cases for the conclusion that cable operators such as Defendants are not state actors.[2]  In brief, the ownership and operation of television production and

---

[2] In Glendora v. Malone, 101 F.3d 1393, 1997 WL 678982, at *1 (2d Cir. 1996), the Second Circuit stated in an unpublished decision that "is doubtful that [a cable operator] can be considered a
(continued...)

transmission facilities is not a traditional public function and there is not a symbiotic relationship between a government actor and Defendants. Other court have similarly concluded that cable operators ordinarily are not state actors. See Glendora v. Sellers, 2003 WL 22890043, at *1 (D.C. Cir. 2003); CSC Holdings, Inc. v. Westchester Terrace at Crisfield Condominium, 235 F. Supp.2d 243, 262 (S.D.N.Y. 2003); Jenkins v. City of New York, 1992 WL 147647, at *6 (S.D.N.Y. 1992); Murphy v. McMonigle, 1991 WL 125354, at *1 (E.D. Pa. 1991); Clifton v. Suburban Cable TV Co., Inc., 1989 WL 21301, at *1 (E.D. Pa. 1989); Cox v. Athena Cablevision, 558 F. Supp. 258, 259 (E.D. Tenn. 1982); but see Demarest v. Athol/Orange Community Television, Inc., 188 F. Supp.2d 82 (D. Mass. 2002) (finding a likelihood of state action where a public access channel was created by a municipality to further public objectives and the municipality had the authority to appoint the members of the group that managed and operated the channel).

      Plaintiff argues that TWE is a state actor because "corporations . . . are chartered and regulated by the act of the state to service a public function, and therefore must be considered quasi-state actors. The Court is asked to take notice of the obvious and axiomatic necessity of state involvement in the creation, regulation, and granting of rights to corporations as prima facie evidence of state action." Pl.'s Mem. of Law at p.2. The mere fact that a company is formed under the corporate laws of a state and is obligated to comply with certain duties imposed by state does not transform that company into a state actor. As the Second Circuit has stated,

---

[2](...continued)
'state actor' for purposes of the First Amendment or for Section 1983 liability."

>we have utilized the following standard to determine whether or not a corporate entity qualifies as a state actor: "only if (1) the government created the corporate entity by special law, (2) the government created the entity to further governmental objectives, and (3) the government retains 'permanent authority to appoint a majority the directors of the corporation' will the corporation be deemed a government entity for the purpose of the state action requirement."

Horvath v. Westport Library Ass'n, — F.3d —, —, 2004 WL 574993, at *6 (quoting Hack v. President & Fellows of Yale Coll., 237 F.3d 81, 84 (2d Cir. 2000)).  None of these factors are satisfied here.

For the foregoing reasons, Defendants are not state actors, the First Amendment is not applicable here, and the First Amendment claims must, therefore, be dismissed.

### b.  47 U.S.C. § 531

Plaintiff also claims a violation of 47 U.S.C. § 531(e).  That statute provides that "[s]ubject to section 544(d) of this title, a cable operator shall not exercise any editorial control over any public, educational, or governmental use of channel capacity provided pursuant to this section, except a cable operator may refuse to transmit any public access program or portion of a public access program which contains obscenity, indecency, or nudity."

In McClennan v. Cablevision of Connecticut, Inc., 149 F.3d 161, 168-69 (2d Cir. 1998), the Second Circuit held that private individuals may sue under § 531(e) "to challenge the exercise of editorial control over public access programming by . . . a cable operator."  Here, the undisputed evidence is that TWE never edited any of Plaintiff's programming and never refused any of Plaintiff's submissions.  Def.'s SMF at ¶¶ 4-5.  Plaintiff nonetheless argues that, by denying him free use of its studios for purpose of making taped or live programs, Defendants are engaging in a form of content-neutral editorial control.  Pl.'s SMF

at ¶ 5. This argument must be rejected. In <u>Time Warner Cable of New York City v. Bloomberg, L.P.</u>, 118 F.3d 917, 928 (2d Cir. 1997), the Second Circuit made it clear that § 513(e) "bars the operator from attempting to determine the <u>content</u> of programming that is within the PEG categories." (emphasis added). Here, Plaintiff admits that Defendants do not engage in content-based decisions and there is no evidence in the record to the contrary. Pl.'s SMF at ¶ 5. Nothing in the relevant statutes requires cable operators to make its facilities available for the purposes of producing television broadcasts; rather, the requirement is only that they provide airtime on specified channels to persons who submit already produced television broadcasts. Defendants' refusal to subsidize Plaintiff's production efforts (by allowing him free access to its production facilities) cannot be considered to be a form of editorialization, particularly where there is no evidence that Defendants subsidize the production efforts of any other public access producer or, assuming Defendants do subsidize the production efforts of other producers, that Defendants make any distinctions based on the content of the programs. Accordingly, the § 531 claims must also be dismissed.

### c. State Law Claims

Having disposed of Plaintiff's federal claims at this early stage of the litigation, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. <u>See</u> 28 U.S.C. § 1367(c).

### d. Plaintiff's Motion for a Preliminary Injunction

Plaintiff moves for preliminary injunctive relief based on Defendants' alleged violations of his First Amendment rights and various New York State regulations. For the reasons previously discussed, the First Amendment is inapplicable to Defendants and the

Court declines to exercise supplemental jurisdiction over the state law claims. Accordingly, the motion for a preliminary injunction is denied.

### e. **Plaintiff's Motion For Leave to Amend His Complaint**

Finally, Plaintiff moves for leave to amend his Complaint. According to Plaintiff, he is willing to drop the individuals as Defendants provided he is granted leave to add certain corporations as Defendants. Mar. 19, 2004 Huston Aff. at ¶ 3. The proposed amended complaint does not add any allegations that would bring any of the Defendants (the current named Defendants or the proposed new Defendants) within the ambit of state action. Similarly, the proposed amended complaint does not contain any new allegations that Defendants actually exercised editorial control over, or otherwise refused to air, any of Plaintiff's programs. Accordingly, Plaintiff's motion for leave to file an amended complaint must be denied as futile.

### V.      CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment [dkt. no. 10] is GRANTED, Plaintiff's motion for a preliminary junction [dkt. no. 19] is DENIED, Plaintiff's motion for leave to file an amended Complaint [dkt. no. 26] is DENIED, and the Complaint is DISMISSED IN ITS ENTIRETY. The Clerk of the Court shall close the file in this matter.

IT IS SO ORDERED.

Dated: March 24, 2004

Thomas J. McAvoy
Senior, U.S. District Judge